JOSEPH B. STAPH
JAMES A. SAVILLE, JR.
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EL KINCE SA and LATIN FOOD COMPANY, SAS<br><br>               Plaintiff,<br><br>  - against -<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>               Defendant. | Case No.<br><br><br>**COMPLAINT** |

Plaintiffs El Kince SA and Latin America Food Company SAS, by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant MSC Mediterranean Shipping Company S.A. ("MSC"), alleges upon information and belief as follows:

**Venue and Jurisdiction**

1.      This action concerns damage to a shipment of 1,600 cases of garlic transported by ocean carriage from Chile to the United States.

2.      This action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3.     The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the shipments at issue.  MSC also has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clause.

## The Parties

4.     At all times relevant hereto, Plaintiff El Kince SA was and now is a corporation organized and existing under foreign law with an office and place of business at 150 2665 Berazategui 1884, Buenos Aires, Argentina and was the consignee and/or owner of the cargoes at issue, or otherwise had a proprietary interest therein.

5.     At all times relevant hereto, Plaintiff Latin Food Company, SAS was and now is a corporation organized and existing under foreign law with an office and place of business at Arq. Alfredo Baldomir Gral 2408, Montevideo, Uruguay and was the consignee and/or owner of the cargoes at issue, or otherwise had a proprietary interest therein.

6.     At all times relevant hereto, Defendant MSC was and now is a corporation or other business organized and existing by virtue of foreign law, with an office and place of business at 420 Fifth Avenue, 8th Floor, New York, NY 10018, engaged in business as a common carrier of goods for hire, issuing bills of lading

and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

## The Maritime Claim

7.     In or about April 2022, a shipment of 1,600 cases of garlic (the "Cargo") was tendered to MSC (or its agents, servants, or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which MSC received, accepted, and agreed to transport for certain consideration by ocean carriage from Valparaiso, Chile to Port Everglades, Florida in refrigerated container no. CRXU1116325 under MSC sea waybill no. MEDUD2053772.

8.     Prior to its receipt and acceptance of the Cargo, MSC was instructed and agreed to maintain a transport temperature of (-2.0° C) throughout the carriage and handling of the Cargo.

9.     Based on the characteristics of the Cargo, MSC also knew or should have known that it required specific temperature-controlled conditions to be maintained throughout its transportation and handling.

10.     However, MSC improperly set the temperature of the Container to (+2.0° C) thereby exposing the Cargo to excessive temperatures during the course of carriage, while in the care, custody, and/or control of MSC (or its agents, servants, or subcontractors).

11.     Thereafter, MSC delivered the Cargo in damaged condition.

12.     By reason of the premises, MSC failed to deliver the Cargo to destination in the same good order and condition as it was received; failed to conform to industry

norms and standards for the ocean carriage of perishable goods from Chile to the United States; breached and violated its common law, contractual, and/or statutory duties and obligations as a common carrier and bailee of the Cargo; breached the contract of carriage; was negligent and careless in the handling of the Cargo; and was otherwise at fault for the loss and damage alleged herein.

13.    Plaintiffs have performed all duties, obligations, and conditions precedent to be performed on their part with respect to the Cargo and the commencement of suit for the loss and damage thereto.

14.    By reason of the premises, Plaintiffs have sustained damages with respect to the Cargo, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $62,340.42.

WHEREFORE, Plaintiffs pray:

(i)    that process in due form of law may issue against MSC according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

(ii)    that judgment be entered against MSC on Plaintiffs' Claim for Relief in the amount of $62,340.42, together with costs, interest, and reasonable attorney's fees;

(iii)    for such other and further relief as the Court may deem just and proper under the circumstances.

4

Dated:  May 5, 2023

HILL RIVKINS LLP
*Attorneys for Plaintiffs*

By:   /s/ James A. Saville, Jr.

Joseph B. Staph, Esq.
jstaph@hillrivkins.com
James A. Saville, Jr., Esq.
jsaville@hillrivkins.com
45 Broadway, Suite 2110
New York, NY 10006
(212) 669-0600